UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JULIA ELIZABETH MORIARTY, ) | Case Number 13-51437 |
| ) | |
|     Debtor. ) | |
| ) | |
| JUDY A. ROBBINS, ) | |
| United States Trustee For Region Four, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| JULIA ELIZABETH MORIARTY, ) | |
| ) | |
|     Respondent. ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DENYING MOTION TO DISMISS CASE FOR ABUSE**

COMES NOW the above listed Debtor, by Counsel, having Moved this Honorable Court to summarily deny the Motion to Dismiss Case for Abuse filed in this Court on December 15, 2014 and, in support of said Motion, the Debtor states as follows:

**BACKGROUND**

The Debtor, a widow residing in Warren County, filed a Chapter 7 Petition in the present case on November 24, 2013. The Schedules filed at the time showed a substantial amount of projected disposable income if her Social Security benefits were included and a substantial amount of negative projected disposable income if her Social Security benefits were excluded. Under the assertion that said benefits should be excluded in accordance with the Social Security Act and the Bankruptcy Code, Chapter 7 was utilized in the initial filing.

On February 12, 2014 the US Trustee filed a motion to dismiss the Debtor's case. Not wanting to be involved in a protracted legal battle, the Debtor chose to convert to Chapter 13. In accordance with the ruling of the Fourth Circuit that a Chapter 13 Plan may exclude any Social Security benefits for purposes of projected disposable income while including the same for feasibility purposes Ranta v. Gorman, 12-2017 (4th Cir., 2013), the Debtor filed a Plan which provided only for payment of legal fees and administrative costs. The Chapter 13 Trustee then objected that the present case properly belonged in Chapter 7.

Recognizing that legal proceedings were inevitable, the Debtor decided that it was best to reconvert to Chapter 7 to allow her pursue her best legal outcome. The U.S. Trustee again filed a Motion to Dismiss Case for abuse which is the subject of the present memorandum.

**ARGUMENTS**

THE PLAIN LANGUAGE OF THE SOCIAL SECURITY ACT FORBIDS THE CONSIDERATION OF SOCIAL SECURITY BENEFITS IN ANY BANKRUPTCY PROCEEDING, INCLUDING THE TOTALITY OF THE CIRCUMSTANCES TEST.

§407 of Title 42, Chapter 7, Subchapter II – FEDERAL OLD-AGE, SURVIVORS, AND DISABILITY BENEFITS of the U.S. Code, commonly known as the Social Security Act, states as follows:

(a) **In general**

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

(b) **Amendment of section**
No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

(c) **Withholding of taxes**
Nothing in this section shall be construed to prohibit withholding taxes from any benefit under this subchapter, if such withholding is done pursuant to a request made in accordance with section 3402(p)(1) of the Internal Revenue Code of 1986 by the person entitled to such benefit or such person's representative payee.

"It is well established that 'when the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.'" Lamie v. United States Trustee, 540 U.S. 526 (2004) *citing* Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U. S. 1, 6 (2000).  The most relevant language in the above section may be read as "…none of the moneys paid or payable…under this subchapter shall be subject to…the operation of any bankruptcy or insolvency law.  It is axiomatic the Title 11 of the U.S. Code is a Bankruptcy law as are any and all of its provisions, including §707.  The plain language of the Social Security Act obligates this Court to disregard the Debtor's Social Security benefits in considering the totality of the circumstances and in every other operation of the Bankruptcy Code.

This fact is reinforced by subsection (b).  First, this provision states that passage of subsequent laws of Congress, including the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 can not affect this Section unless it expressly mentions said Section.  No part of the Bankruptcy Code does so.  Therefore, §407 has not been overridden or repealed by the Bankruptcy Code.

Second, the very nature of this provision demonstrates the extent of legislative intent in passing this Section. Not only did Congress place Social Security benefits beyond the review of the judiciary, it took the extraordinary step of shielding Social Security benefits from themselves.

Furthermore, subsection (c) shows that Congress gave due consideration to any desired exceptions. Other than this limited exception for tax collection, creditors are absolutely barred from any claim to Social Security benefits.

There is virtually no way to interpret Section 407 other than as, among other things, an unambiguous ban on subjecting Social Security benefits to the operation of any Bankruptcy law, including §707(b)(1) of the Bankruptcy Code.

This interpretation has been supported by the rulings of several Circuit Courts. The Eight Circuit ruled that "§407 operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate. *See Carpenter II,* 408 B.R. at 246-49; *see also In re Buren,* 725 F.2d at 1086 (noting "social security payments only become part of a debtor's estate if he chooses to include them"). We conclude §407 must be read as an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, and not as an exemption provision which must be claimed by the debtor." and "§407 does not contain any qualifying language. It explicitly demands that no past or future social security payments may be subject to the operation of any bankruptcy law." In re Carpenter, 614 F.3d 930, 936 (8th Cir. 2010). "Section 407(b) specifically provides that social security and SSI benefits may not be assigned notwithstanding any other provision of law, including P.L. 95-598, the 'Bankruptcy Reform Act of 1978'". Buren, In re, 725 F.2d 1080 (C.A.6 (Tenn.), 1984). The Forth Circuit, given the opportunity to rule on the issue after the Bankruptcy Court of South

Carolina ruled that Social Security should be considered[1], chose to not do so: "we need not make a determination as to the enduring applicability of the holding in *Green* or the inclusion of Social Security benefits in an analysis of the totality of financial circumstances. The bankruptcy court found a multitude of factors weighing in favor of abuse, and we discern no error in those findings." Calhoun v. United States Tr., 650 F.3d 338 (4th Cir., 2011). The Bankruptcy Court for the Western District of Missouri did rule that Social Security should be included in assessing the ability of a Debtor to repay In re Booker, 399 B.R. 662 (Bankr. W.D. Mo., 2009) but this exception did not take into consideration §407 of the Social Security act.

## THE TRUSTEE STEPS INTO THE SHOES OF THE CREDITORS AND CAN NOT TAKE ACTIONS BARRED TO THEM.

§323 of the Bankruptcy Code states that a Trustee represents the estate and has the powers of the creditors of the estate, but no more. As the creditors have no authority to seize Social Security benefits in satisfaction of debts, neither does the Trustee.

The unavoidable truth of the Trustee's motion it is based upon the assertion that the Debtor's creditors are entitled to a majority of her Social Security benefits. The arguments made in Paragraph 28 of the Motion to Dismiss are entirely false unless the creditors have a claim to the Debtor's Social Security benefits.

The U.S. Trustee makes five arguments: (i) it appears the Debtor has the ability to repay all of her scheduled unsecured creditors' claims without modifying her lifestyle; (ii) the Debtor appears to have a stable sources of income; (iii) even outside of bankruptcy, the Debtor appears to have the ability to repay her debts over time; (iv) it is unfair for the Debtor to prefer one unsecured creditor and not pay what she can afford to all of her unsecured creditors; (v) and, the

---
[1] The Bankruptcy Court did not consider §407 in its analysis.

Debtor did not file because of any recent, sudden loss of income or illness.  Arguments i-iii are entirely false unless the Debtor's Social Security benefits are weighed.  Argument iv violates the principle that equity follows the law.  It can not be inequitable or bad faith to do as the law expressly permits.  Argument v is, aside from the Debtor's recent widowhood, true but immaterial.

The U.S. Trustee's arguments are an invitation to allow for interminable speculation on what actions a Debtor could theoretically take to pay their creditors.  A debtor could make a withdrawal from their 401k to pay their creditors but, as with Social Security benefits, Congress chose to exempt such assets from Bankruptcy.  A debtor could seek more work or start a business or try any number of measures which could allow them to pay more to their creditors.  As a public policy matter, considering imputed income alone would be a nightmare for this Court.  The U.S. Trustee's arguments stretch §707(b)(3) far beyond Congressional intent.

### THE BANKRUPCY CODE REINFORCES THE INTENTION OF CONGRESS TO PROTECT SOCIAL SECURITY BENEFITS FROM CREDITORS.

11 U.S.C. §101 defines Current Monthly Income as follows:

(10A) The term "current monthly income"—
(A) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on—
(i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521 (a)(1)(B)(ii); or
(ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521 (a)(1)(B)(ii); and
(B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but **excludes benefits received under the Social Security Act**, payments

to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such terrorism.

The means test, the primary tool created by Congress to evaluate if a case is abusive, utilizes this definition which expressly excludes Social Security benefits. If Congress intended for Social Security benefits to be considered in determining if a case is abusive, they would not have specifically excluded them from the very test used to determine if there is a presumption of abuse. The U.S. Trustee is, in effect, attempting to evade this provision by using the vague to override the explicitly defined. The totality of the circumstances test is a last resort to address rare or unusual circumstances Congress could not consider. Congress clearly considered the application of Social Security.

Furthermore, Schedules I&J are the product of Bankruptcy Rule 1007, not the Bankruptcy Code and should not be interpreted in a manner which overrides the express language of legislation.

### THE APPLICATION OF THE TOTALITY OF THE CIRCUMSTANCES TEST MUST INCLUDE A CONSIDERATION OF THE FACT THAT A CONVERSION TO CHAPTER 13 WOULD YIELD NOTHING FOR THE CREDITORS.

The Forth Circuit has ruled that "the plain language of the Bankruptcy Code excludes Social Security income from the calculation of "projected disposable income," but that such income nevertheless must be considered in the evaluation of a plan's feasibility. Ranta v. Gorman, 12-2017 (4th Cir., 2013)[2].

---

[2] It should be noted that the lone dissent was a procedural objection. The Court was unanimous on this matter of law.

If the Court is to consider the totality of the circumstances in this Case, this consideration must include what would happen if the U.S. Trustee obtains the relief for which he has moved in the form of a conversion to Chapter 13. As such a conversion has already occurred, there is no need to speculate on the resulting Plan. The Chapter 13 Plan, in full accordance with the ruling in Ranta, provided nothing to the creditors[3]. The relief sought by the U.S. Trustee would provide no benefit to the Debtor's estate beyond that which it has under Chapter 7.

### **CONCLUSIONS**

For the forgoing reasons, this Court should exclude the Debtor's Social Security benefits from any consideration in evaluating the U.S. Trustee's Motion to Dismiss Case for Abuse. Unless the U.S. Trustee may make a Prima Facie case that the Debtor would be able to pay her creditors without utilizing Social Security benefits, the Motion to Dismiss Case for Abuse should be summarily denied.

February 11, 2015

Faithfully Submitted,

Julia Elizabeth Moriarty
By Counsel: /s/ Eryk G. Boston
Eryk G. Boston (VSB #76520)
125 Country Park Drive
Winchester, Virginia 22602
540-313-1255
law@winchesterlawyer.us
Counsel for the Debtor

---

[3] The Plan in the Ranta ruling provided .0042 to unsecured creditors which is arguably equivalent to nothing.